ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DA'QUAN JOHNSON,
a/k/a "Bloody,"
a/k/a "Buddha,"
JAMES JOHNSON,
a/k/a "Jimmy," and
KENNETH MOORE,
a/k/a "Doogie,"

Defendants.

**SEALED INDICTMENT**

14 Cr. 476

**BACKGROUND**

THE ENTERPRISE

1. At all times relevant to this Indictment, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," and KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, were members and associates of the Grimy Motherfuckers ("GMF" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics trafficking, murder, and assault with dangerous weapons. GMF operated principally in and around the City of Yonkers, New York.

2. GMF, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of

individuals associated in fact, although not a legal entity. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. At all times relevant to this Indictment, the enterprise has engaged in, and its activities affected, interstate and foreign commerce.

3. DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," and KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, were leaders, members, or associates of the enterprise or otherwise directed members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

PURPOSES OF THE ENTERPRISE

4. The purposes of the Enterprise included the following:

a. Preserving and protecting the power, territory, and profits of the enterprise through murder, other acts of violence, and threats of violence.

b. Promoting and enhancing the enterprise and the activities of its members and associates.

c. Keeping victims and potential victims in fear of the enterprise and its members and associates through acts and threats of violence.

d. Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e. Enriching the members and associates of the enterprise through, among other things, the distribution and sale of narcotics, including cocaine base and marijuana.

MEANS AND METHODS OF THE ENTERPRISE

5. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a. Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations.

b. Members and associates of the enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the enterprise.

c. Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, against rival gang members and other individuals adverse to the enterprise.

d. Members and associates of the enterprise promoted and celebrated the criminal conduct of the enterprise, namely the narcotics distribution and firearm usage, in rap music and on social media websites such as Youtube and Facebook.

e. Members and associates of the enterprise obtained, possessed, and used firearms.

f. Members and associates of the enterprise distributed narcotics.

**STATUTORY ALLEGATIONS**

COUNT ONE

(Conspiracy to Murder in Aid of Racketeering Activity)

The Grand Jury charges:

6. At all times relevant to this Indictment, GMF, as described in paragraphs 1 through 5 of this Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.

7. At all times relevant to this Indictment, GMF, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of New York Penal Law; and acts involving narcotics distribution, in violation of Title 21, United States Code, Sections 841 and 846.

8. In or about December 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and

KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in GMF, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder a rival gang member, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

COUNT TWO

(Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

9. Paragraphs 6 and 7 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

10. On or about December 27, 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in GMF, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of, Tyrone Arthur, that is, under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person and thereby caused the death of Arthur, and did aid and abet

such conduct, in the vicinity of Highland Avenue, Yonkers, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT THREE

(Firearms Offense)

The Grand Jury further charges:

11. On or about December 27, 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and KENNETH MOORE, a/k/a "Doogie," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count One of this Indictment, and the murder in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DA'QUAN JOHNSON

and MOORE caused the death of Tyrone Arthur by shooting Arthur in the vicinity of Highland Avenue in Yonkers, New York, and aiding and abetting the same.

(Title 18, United States Code, Sections 924(j), and 2.)

COUNT FOUR

(Accessory After the Fact to Murder)

The Grand Jury further charges:

12. In or about January 2014, in the Southern District of New York, JAMES JOHNSON, a/k/a "Jimmy, the defendant, knowing that an offense against the United States had been committed, namely, the murder charged in Count Two of this Indictment, knowingly received, relieved, comforted, and assisted the offenders in order to hinder and prevent the offenders' apprehension, trial, and punishment, to wit, after the murder, JAMES JOHNSON took custody of the murder weapon and, knowing it had been used in the murder, hid it in Yonkers, New York.

(Title 18, United States Code, Section 3.)

FOREPERSON

PREET BHARARA
United States Attorney