UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

DA'QUAN JOHNSON,
    a/k/a "Bloody,"
    a/k/a "Buddha,"
JAMES JOHNSON,
    a/k/a "Jimmy," and
KENNETH MOORE,
    a/k/a "Doogie,"
JAMEKE BROWN,
    a/k/a "Lingo,"
DAQUAN COUCH,
    a/k/a "Cheese,"
DARIN FIELDS,
    a/k/a "Ruger,"
ANTHONY FORD,
    a/k/a "Red,"
FLOYD GILHAM,
    a/k/a "Flizzy,"
CHRISTOPHER GREBINGER,
    a/k/a "Brisco,"
RONNIE KING,
    a/k/a "Banga,"
GERALD MARTIN,
    a/k/a "G-Rite,"
JAMES MCCALLUM,
    a/k/a "Baby James,"
WILBUR RANDOLPH,
    a/k/a "Wonka,"

          Defendants.

- - - - - - - - - - - - - - - x



**SEALED**
**SUPERSEDING INDICTMENT**

S1 14 Cr. 476 (CS)

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

## THE ENTERPRISE

1.    At all times relevant to this Indictment, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," KENNETH MOORE, a/k/a "Doogie," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," DARIN FIELDS, a/k/a "Ruger," ANTHONY FORD, a/k/a "Red," FLOYD GILHAM, a/k/a "Flizzy," CHRISTOPHER GREBINGER, a/k/a "Brisco," RONNIE KING, a/k/a "Banga," GERALD MARTIN, a/k/a "G-Rite," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, and others known and unknown, were members and associates of the Grimy Motherfuckers ("GMF" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics trafficking, murder, and assault with dangerous weapons. GMF operated principally in and around the City of Yonkers, New York.

2.    GMF, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  At all times relevant to this

Indictment, the enterprise has engaged in, and its activities affected, interstate and foreign commerce.

3. DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," KENNETH MOORE, a/k/a "Doogie," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," DARIN FIELDS, a/k/a "Ruger," ANTHONY FORD, a/k/a "Red," FLOYD GILHAM, a/k/a "Flizzy," CHRISTOPHER GREBINGER, a/k/a "Brisco," RONNIE KING, a/k/a "Banga," GERALD MARTIN, a/k/a "G-Rite," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, and others known and unknown, were leaders, members, or associates of the enterprise or otherwise directed members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## PURPOSES OF THE ENTERPRISE

4. The purposes of the Enterprise included the following:

   a. Preserving and protecting the power, territory, and profits of the enterprise through murder, other acts of violence, and threats of violence.

   b. Promoting and enhancing the enterprise and the activities of its members and associates.

   c. Keeping victims and potential victims in fear of the enterprise and its members and associates through acts and threats of violence.

d.     Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.     Enriching the members and associates of the enterprise through, among other things, the distribution and sale of narcotics, including cocaine base and marijuana.

## MEANS AND METHODS OF THE ENTERPRISE

5.     Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.     Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations.

b.     Members and associates of the enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the enterprise.

c.     Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, against rival gang members and other individuals adverse to the enterprise.

d.     Members and associates of the enterprise promoted and celebrated the criminal conduct of the enterprise, namely the

4

narcotics distribution and firearm usage, in rap music and on social media websites such as Youtube and Facebook.

    e.   Members and associates of the enterprise obtained, possessed, and used firearms.

    f.   Members and associates of the enterprise distributed narcotics.

<u>STATUTORY ALLEGATIONS</u>

    6.   From at least in or about 2008, up to and including in or about the Summer of 2014, in the Southern District of New York and elsewhere, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," KENNETH MOORE, a/k/a "Doogie," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," DARIN FIELDS, a/k/a "Ruger," ANTHONY FORD, a/k/a "Red," FLOYD GILHAM, a/k/a "Flizzy," CHRISTOPHER GREBINGER, a/k/a "Brisco," RONNIE KING, a/k/a "Banga," GERALD MARTIN, a/k/a "G-Rite," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, and others known and unknown being persons employed by and associated with the enterprise described in paragraphs 1 through 5 of this Superseding Indictment, to wit, GMF, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the GMF enterprise, which was engaged

in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

      a.    multiple acts involving murder, chargeable under the following provisions of state law:

         i.    New York Penal Law, Sections 20.00 and 125.25 (murder);

         ii.    New York Penal Law, Sections 20.00, 110.00 and 125.25 (attempted murder);

         iii.    New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder); and

      b.    multiple acts involving the distribution of controlled substances, including crack cocaine, Molly, and marijuana, in violation of laws of the United States, namely Title 21, United States, Code, Sections 812, 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

    7.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Overt Acts

    8.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.   On or about August 15, 2008, WILBUR RANDOLPH, a/k/a "Wonka," the defendant, shot at a rival gang member in the vicinity of Oliver Street and Walnut Street in Yonkers, New York and, in so doing, shot and injured an innocent bystander.

b.   On or about September 27, 2009, ANTHONY FORD, a/k/a "Red," the defendant, shot at a rival gang member in the vicinity of Cliff Street in Yonkers, New York.

c.   In or about March 2010, JAMEKE BROWN, a/k/a "Lingo," JAMES JOHNSON, a/k/a "Jimmy," and other GMF members, conspired to shoot members of a rival street gang based in the vicinity of Highland Avenue and Jackson Street in Yonkers, New York.

d.   On or about March 27, 2010, JAMES JOHNSON, a/k/a "Jimmy," the defendant, shot and paralyzed a rival gang member in the vicinity of Highland Avenue and Jackson Street in Yonkers, New York.

e.   In or about January 2011, DAQUON COUCH, a/k/a "Cheese," a/k/a "Day Day," armed with a gun, went to Riverdale Avenue in Yonkers, New York, with the intent of shooting at members of a rival street gang based in that area.

f.   On or about January 14, 2011, GERALD MARTIN, a/k/a "G-Rite," the defendant, shot a rival gang member in the vicinity of the Schlobohm Housing Projects in Yonkers, New York.

g. On or about April 5, 2011, RONNIE KING, a/k/a "Banga," the defendant, aided and abetted by DARIN FIELDS, a/k/a "Ruger," the defendant, shot a rival gang member in the vicinity of 101 Highland Avenue in Yonkers, New York.

h. On or about January 31, 2012, CHRISTOPHER GREBINGER, a/k/a "Brisco," the defendant, directed a fellow GMF member to shoot an individual in the vicinity of 75 Saratoga Avenue, in Yonkers, New York.

i. On or about October 29, 2013, FLOYD GILHAM, a/k/a "Flizzy," stabbed a rival gang member on the #2 bus in Yonkers, New York.

j. On or about December 27, 2013, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and KENNETH MOORE, a/k/a "Doogie," the defendants, aided and abetted the murder of Tyrone Arthur in the vicinity of Highland Avenue and Jackson Street in Yonkers, New York.

k. On or about April 25, 2014, JAMES MCCALLUM, a/k/a "Baby James," shot at a rival gang member in the vicinity of 110 Highland Avenue in Yonkers, New York.

(Title 18, United States Code, Section 1962(d).)

COUNT TWO
(Firearms Offense)

The Grand Jury further charges:

9.  From at least in or about 2008 up to and including in or about the Summer of 2014, in the Southern District of New York and elsewhere, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," KENNETH MOORE, a/k/a "Doogie," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," DARIN FIELDS, a/k/a "Ruger," ANTHONY FORD, a/k/a "Red," FLOYD GILHAM, a/k/a "Flizzy," CHRISTOPHER GREBINGER, a/k/a "Brisco," RONNIE KING, a/k/a "Banga," GERALD MARTIN, a/k/a "G-Rite," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Superseding Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which firearms were discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii) and 2.)

COUNT THREE
(Conspiracy to Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

10.  At all times relevant to this Indictment, GMF, as described in paragraphs 1 through 5 of this Superseding Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that

9

term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.

11. At all times relevant to this Indictment, GMF, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of New York Penal Law; and acts involving narcotics distribution, in violation of Title 21, United States Code, Sections 841 and 846.

12. In or about December 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in GMF, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder a rival gang member, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT FOUR
### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

13. Paragraphs 11 and 11 of Count Three of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

14. On or about December 27, 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and KENNETH MOORE, a/k/a "Doogie," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in GMF, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of Tyrone Arthur, that is, under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person and thereby caused the death of Arthur, and did aid and abet such conduct, in the vicinity of Highland Avenue, Yonkers, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

> (Title 18, United States Code, Sections
> 1959(a)(1) and 2.)

## COUNT FIVE
### (Firearms Offense)

The Grand Jury further charges:

15. On or about December 27, 2013, in the Southern District of New York, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," and

KENNETH MOORE, a/k/a "Doogie," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count Three of this Indictment, and the murder in aid of racketeering charged in Count Four of this Superseding Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was discharged, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DA'QUAN JOHNSON and MOORE caused the death of Tyrone Arthur by shooting Arthur in the vicinity of Highland Avenue in Yonkers, New York, and aiding and abetting the same.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii),924(j), and 2.)

COUNT SIX
(Accessory After the Fact to Murder)

The Grand Jury further charges:

16. In or about January 2014, in the Southern District of New York, JAMES JOHNSON, a/k/a "Jimmy, the defendant, knowing that an offense against the United States had been committed, namely, the murder charged in Count Four of this Superseding Indictment, knowingly received, relieved, comforted, and assisted the

12

offenders in order to hinder and prevent the offenders'
apprehension, trial, and punishment, to wit, after the murder,
JAMES JOHNSON took custody of the murder weapon and, knowing it
had been used in the murder, hid it in Yonkers, New York.

(Title 18, United States Code, Section 3.)

## COUNT SEVEN
(Attempted Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

17. Paragraphs 10 and 11 of Count Three of this Superseding
Indictment are realleged and incorporated by reference as though
fully set forth herein.

18. On or about March 27, 2010, in the Southern District of
New York, JAMES JOHNSON, a/k/a "Jimmy," the defendant, for the
purpose of gaining entrance to and maintaining and increasing
position in GMF, an enterprise engaged in racketeering activity,
as described above, intentionally and knowingly attempted to
murder an individual, to wit, JAMES JOHNSON shot a member of the
Highland Crew in the back in the vicinity of Highland Street and
Jackson Avenue in Yonkers, New York, and, in so doing, left that
individual paralyzed, in violation of New York Penal Law, Sections
125.25 and 110.00.

(Title 18, United States Code,
Sections 1959(a)(5), and 2.)

## COUNT EIGHT
### (Assault and Maiming in Aid of Racketeering Activity)

The Grand Jury further charges:

19.   Paragraphs 10 and 11 of Count Three of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

20.   On or about March 27, 2010, in the Southern District of New York, JAMES JOHNSON, a/k/a "Jimmy," the defendant, for the purpose of gaining entrance to and maintaining and increasing position in GMF, an enterprise engaged in racketeering activity, as described above, intentionally and assaulted an individual with a dangerous weapon and maimed that individual, to wit, JAMES JOHNSON shot a member of the Highland Crew in the back in the vicinity of Highland Street and Jackson Avenue in Yonkers, New York, and, in so doing, left that individual paralyzed, in violation of New York Penal Law, Section 120.10.

(Title 18, United States Code, Sections 1959(a)(2), 1959(a)(3), and 2.)

## COUNT NINE
### (Firearms Offense)

The Grand Jury further charges:

21.   On or about March 27, 2010, in the Southern District of New York, JAMES JOHNSON, a/k/a "Jimmy," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the violent crimes in aid of racketeering charged in Counts Seven and Eight of this

Superseding Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, which firearm was discharged, and did aid and abet the same.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii) and 2.)

## COUNT TEN
### (Narcotics Offense)

The Grand Jury further charges:

22. From at least in or about 2008, up to and including in or about May 2014, in the Southern District of New York and elsewhere, DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," FLOYD GILHAM, a/k/a "Flizzy," RONNIE KING, a/k/a "Banga," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

23. It was a part and an object of the conspiracy that DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," FLOYD GILHAM, a/k/a "Flizzy," RONNIE KING, a/k/a "Banga," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute

controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

24. The controlled substances that DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," FLOYD GILHAM, a/k/a "Flizzy," RONNIE KING, a/k/a "Banga," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendant, conspired to distribute and possess with the intent to distribute were mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION
(Count One: RICO Offense)

25. The allegations contained in Count One of this Superseding Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Superseding Indictment.

26. DA'QUAN JOHNSON, a/k/a "Bloody," a/k/a "Buddha," JAMES JOHNSON, a/k/a "Jimmy," KENNETH MOORE, a/k/a "Doogie," JAMEKE BROWN, a/k/a "Lingo," DAQUAN COUCH, a/k/a "Cheese," DARIN FIELDS, a/k/a "Ruger," ANTHONY FORD, a/k/a "Red," FLOYD GILHAM, a/k/a "Flizzy," CHRISTOPHER GREBINGER, a/k/a "Brisco," RONNIE KING, a/k/a "Banga," GERALD MARTIN, a/k/a "G-Rite," JAMES MCCALLUM, a/k/a "Baby James," and WILBUR RANDOLPH, a/k/a "Wonka," the defendants:

a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

c. have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the

United States pursuant to Title 18, United States Code, Section 1963(a)(3).

27. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Counts One of this Superseding Indictment.

28. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

## Substitute Assets Provision

29. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek

forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981 and 1963.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney