UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA            NOTICE OF MOTION

     v.                           X        14-cr-476(CS)

DA'QUAN JOHNSON,
    Defendant
---------------------------------------------------------X

    PLEASE TAKE NOTICE that upon the attached affirmation of defense counsel Russell Neufeld, Da'Quan Johnson, defendant in the above captioned case, will move this Court, the Honorable Cathy Seibel, Southern District of New York, 300 Quarropas Street, White Plains, New York, at a date and time to be set by the Court, pursuant to the Fourth Amendment right to be free of unreasonable searches and seizures, for an order suppressing the use of certain material seized from Facebook.

Dated: New York, New York
       August 14, 2015

                                            Respectfully submitted,

                                          By: _____
                                          Russell T. Neufeld
                                          99 Hudson Street - 8th Floor
                                          New York, NY 10013
                                          (646) 613-8359
                                          rneufeld@neufeldlawoffice.com

                                            Mitchell Dinnerstein
                                            20 Vesey Street - Suite 400
                                            New York, NY 10007
                                            (212) 925-0793
                                            md@dinnersteinlaw.com

TO: AUSA Scott Hartman
     United States Attorney's Office
     Southern District of New York
     300 Quarropas Street
     White Plains, NY 10601

     All counsel by ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA        AFFIRMATION

v.        X        14-cr-476(CS)

DA'QUAN JOHNSON,
    Defendant
---------------------------------------X

Russell Neufeld, an attorney duly authorized to practice in this court, affirms as follows:

1.    I, along with Mitchell Dinnerstein, represent Da'Quan Johnson in the above captioned case. This affirmation is submitted in support of Mr. Johnson's motion to suppress materials obtained by the government from the Facebook social media cite.

## PROCEDURAL HISTORY

2.    On July 17, 2014 an indictment was unsealed charging Da'Quan Johnson and another with conspiracy to murder in aid of racketeering activity, murder in aid of racketeering activity and a related firearms offense. All three counts carry a maximum punishment of death or life in prison. Da'Quan Johnson entered a plea of not guilty. On December 10, 2014 a superceding indictment was unsealed which added a racketeering conspiracy count as to Da'Quan Johnson. Mr. Johnson again pled not guilty.

3.    On February 23, 2015 Magistrate Judge Lisa Margaret Smith issued a search warrant for the entire Facebook records of 13 accounts identified with defendants named in the superceding indictment, including Da'Quan Johnson. (Exhibit 1). The warrant was issued in response to the application of George Piedade a Yonkers police detective, assigned to the Westchester County Violent Crimes Task Force who was deputized by the F.B.I. (Exhibit 2).

4.    On April 6, 2015 the government sent a discovery disc containing Facebook search warrant results to coordinating discovery attorney Emma Greenwood, who then forwarded the discovery to defense counsel. The supporting affidavit identified the Facebook account belonging to Da'Quan Johnson. The portion of the Facebook discovery attributed to Da'Quan Johnson totaled 14,644 pages. The Facebook discovery attributed to all co-defendants totaled well over 200,000 pages. On June 9, 2015, the Court set a motion schedule requiring the herein motion to be filed by August 14, 2015. Also on June 9, 2015, the government orally informed defense counsel that out of the entire 14,644 pages of Da'Quan Johnson's seized Facebook documents, there was only one exchange, between Mr. Johnson and a girlfriend, that the government deemed to be of evidentiary value.

1

## DISCUSSION

5.   The search warrant was over broad in that it was insufficiently particularized. Da'‛Quan Johnson has standing to move to suppress his seized Facebook records. As the search warrant application supporting affidavit states: "Facebook users can exchange private messages on Facebook with other users. These messages ... are similar to e-mail messages .... Facebook has a chat feature that allows users to send and receive instant messages through Facebook (Exhibit 2, ¶ 27(g)). Defense counsel's review of the disclosed discovery of Da'quan Johnson's Facebook records show that all of the written materials fall into the e-mail or instant message, private communication categories. It is now well established that such private communications are protected by the Fourth Ammendment reasonable expectation of privacy and that a warrant is required for their seizure. *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010). Indeed, in the instant matter, the government recognized this and sought a warrant.

6.   The Fourth Amendment's requirement that a search warrant describe with particularity the thing to be seized is intended to protect against general searches that give unbridled discretion to the police. *Anderson v. Maryland*, 427 U.S. 463, 480 (1976). The particularity requirement "makes general searches impossible.... As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marrion v. United States*, 275 U.S. 192, 196 (1927).The search warrant authorized here permitted the seizure of all of the defendant's entire Facebook records (Exhibit 1). In a non-digital context it may be reasonable to allow some leeway in the breadth of a search because, as the Second Circuit said: " a warrant authorizing seizure of records of criminal activity permits officers to examine many papers in a suspects possession to determine if they are within the described category." *United States v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990).

7.   However that rationale no longer is reasonable when the items to be seized are contained in searchable computer files. In the instant matter, the supporting application affidavit (Exhibit 2, ¶ 27) describes the various types of information that may be included in one's Facebook records. They include basic contact and personal identifying information, group or network information, individual "friend" correspondence, profiles containing photos, videos, and information about locations and actions. "Facebook users can exchange private messages on Facebook with other users. These messages, which are similar to e-mail messages, are sent to the recipient's 'inbox' on Facebook, which also stores copies of messages." "In addition, Facebook has a chat feature that allows users to send and recive instant messages." An additional feature of Facebook, central to the defendant's argument in this motion, is"a search function that enables its users to search Facebook for keywords, user names, or pages, among other things." Facebook has numerous additional features. Facebook users can also set levels of privacy for various information, allowing access to particular individuals or to anyone.

8.   The *Riley* Court was quite clear that while "some latitude" is permitted the police, their ruling specifically would not allow the seizure of "diaries and love letters." *U.S. v. Riley*, 906 F.2d at 845. Yet, the e-mails and instant messages seized from Da'Quan Johnson's Facebook

2

account, which defense counsel have reviewed, are replete with the digital equivalent of love letters between Mr. Johnson and his girl friends. While the search warrant application gives the rationale for the warrant in narrow terms, which are relevant to the criminal investigation, the breadth of the warrant itself, far exceeds those narrow objectives. "An otherwise unobjectionable description of the objects to be seized is defective if is broader than can be justified by the probable cause upon which the warrant is based." *United States v. Galpin*, 720 F.3d 436,446 (2d Cir. 2013)(Quoting 2W. LaFave, Search and Seizure § 4.6(a) (5th ed. 2012).

9. Here, the application states that "I know that many members and associates of GMF [Grimy Mother Fucker gang] maintain Facebook accounts and use Facebook to, among other things, communicate with one another, post photos of themselves and fellow co-conspirators, post photos showing the amount of money they have earned through selling narcotics, and coordinate, announce and/or discuss acts of violence in and around Yonkers, New York" (Exhibit 2, ¶ 14). The search function of Facebook would have readily made available all the above listed items. The search would have listed the names of GMF members and supporters, the search terms "GMF", "grimy", and "grimy mother fuckers." It would have searched all photos and it would have retrieved all the Facebook postings that were publicly available. It would have been narrowly tailored to achieve the legitimate law enforcement objectives delineated in the supporting affidavit.

10. Instead, the warrant application requested and the warrant permitted , a general search of all the indictees entire Facebook records - totaling well over 200,000 pages. This is exactly the type of general warrant the particularity requirement prohibits. Once an over broad warrant, such as the one challenged here, is executed, "the government may claim that the contents of every file it chose to open were in plain view and, therefore, admissible...There is thus ' a serious risk that every warrant for electronic information will become, in effect, a general warrant, rendering the Fourth Amendment irrelevant' ...This threat demands a heightened sensitivity to the particularity requirement in the context of digital searches."*United states v. Galpin*, 720 F.3d at 446-7(quoting *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1176(9th Cir. 2010)(en banc)(per curium)). This higher standard was clearly not met in the instant warrant where a much more limited and particularized search could have resulted in a constitutionally permissible seizure.

## CONCLUSION

For all the above reasons, Da'Quan Johnson respectfully requests that his motion to suppress his Facebook files4 be granted.

*Russell T. Neufeld*
Russell T. Neufeld

3

Co-counsel for Da'Quan Johnson
99 Hudson Street - 8th Floor
New York, NY 10013