UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

- v. -

DA'QUAN JOHNSON,

                              Defendant.
------------------------------------------------------------x

ORDER

No. 14-CR-476-1 (CS)

Seibel, J.

Before the Court is Defendant Da'Quan Johnson's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3582(c)(2), (ECF No. 702), the Government's opposition thereto, (ECF Nos. 714, 718), and Defendant's reply, (ECF No. 723). Defendant was sentenced on May 20, 2016 principally to 360 months in prison for his convictions for racketeering conspiracy and conspiracy to commit murder in aid of racketeering. (ECF No. 250.) He has served more than 141 months.

I.      18 U.S.C. § 3582(c)(1)(A)

A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government has raised exhaustion, *see United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (*per curiam*), and there is no indication that Defendant applied to the warden before filing his motion. (ECF No. 718 at 3.) But he indicates in his reply, received January 23, 2026, that he has since applied to the warden, (ECF No. 723 at 11), and as more than 30 days have passed and he is still incarcerated, I will assume that he has exhausted.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a)(1)(A)-(B). The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). The burden is on the defendant to show that a sentence reduction is warranted. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (*per curiam*).

Defendant bases his motion on his childhood hardships, of which there were many, and his age at the time of the offenses, as well as on his rehabilitation. (*See* ECF No. 702 at 8-17.) I was well aware of Defendant's hardships and age, and considered those factors, at the time of sentencing. *See United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *5 (S.D.N.Y.

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. (Unless otherwise indicated, case quotations omit internal quotation marks, citations, alterations and footnotes. The Court will send Defendant copies of any unreported decisions cited in this Order.)

Nov. 21, 2023) ("Although the amended Guidelines do not require that extraordinary and compelling circumstances be unforeseen or unforeseeable at the time of sentencing, Corbett's showing on its own merits does not qualify as an extraordinary and compelling circumstance warranting release, let alone release after service of less than 60% of his stated sentence."). Defendant is correct that I failed to appreciate that he was found to have elevated levels of lead in his blood during his childhood, a condition that could have impaired his cognition and decision making. (*See* ECF No. 723 at 2-5.)  But I was aware of numerous other childhood traumas that negatively affected him through no fault of his own, and the additional effect of that overlooked, unfortunate circumstance does not rise to the level of extraordinary and compelling in context.  Moreover, as relevant to both elevated lead levels and age, the crimes here were not impulsive and Defendant was not a follower, a victim of pressure, swept along by others or incapable of understanding right and wrong.  He was a leader of a violent gang for years and took part in premeditated acts of violence, including numerous shootings, one of which resulted in death.  While Defendant's upbringing and his age at the time of the offenses (eighteen to twenty-three) are mitigating, they do not rise to the level of extraordinary and compelling circumstances justifying a reduction in this case.  *See United States v. Ramsay*, 538 F. Supp. 3d 407, 425 (S.D.N.Y. 2021) (noting that childhood of abuse and neglect did not justify defendant's heinous crime but called into doubt propriety of life sentence, and reducing sentence to 360 months).

Defendant also suggests that he has been rehabilitated.  Rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted.  *See* U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall

not be considered an extraordinary and compelling reason.").  "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone . . . constitute an extraordinary and compelling reason for compassionate release."  *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd sub nom. United States v. Connelly* No. 22-CR-2337, 2023 WL 8446806 (2d Cir. Dec. 6, 2023) (summary order); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Good conduct in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).  I commend Defendant for obtaining his GED and his participation in programming, (*see* ECF No. 702 at 14), but his claims of rehabilitation not only are not extraordinary, but are undermined by his prison disciplinary record, including four sanctioned incidents after the instant motion was filed, (*see* ECF No.718-1), a time frame in which one would think that an inmate would be on his best behavior, especially if he had been rehabilitated.

Because the circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling, I need not reach the 18 U.S.C. § 3553(a) factors.  But I note that they would militate strongly against a reduction after less than twelve years, essentially for the reasons set forth by the Government.

II.     <u>18 U.S.C. § 3582(c)(2)</u>

Under § 3582(c)(2), a court may reduce a sentence where a defendant "has been

4

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that any reduction "is consistent with applicable policy statements." 18 U.S.C. § 3582(c)(2); *see* U.S.S.G. § 1B1.10(a)(1). The Court must first determine whether the defendant is eligible for a reduction pursuant to U.S.S.G. § 1B1.10(a) – that is, whether an amendment is retroactive and reduces the defendant's applicable Guidelines range – and if so, must consider the 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Defendant fails at the first prong.

He is correct that the enhancement of two criminal history ("CH") points for committing the offense while under a sentence or supervision – so-called "status points" – has been eliminated, and instead only a one-point enhancement is applied, and then only if the defendant has seven or more CH points. *See* U.S.S.G. Amendment 821; U.S.S.G.§ 4A1.1(e). Because he had eleven CH points before application of the status points, he is subject to a one-point enhancement for a total of twelve CH points. His resulting CH category is thus V rather than VI. But the change has no effect on his Guidelines range, because his offense level was 44, and at that level, the range is 360 months (ordinarily life but in this case capped by the statutory maximums) in both CH category V and CH category VI. Because the amendment does not reduce the range, Defendant is not eligible for a reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B).[2]

---

[2] The same is true if Defendant's 2011 conviction for marijuana possession, which he alleges has been dismissed, (ECF No. 702 at 17), is disregarded. First, that conviction did not result in any criminal history points, and thus the range remains unchanged. Second, even if the conviction had received a point and that point were subtracted, the CH points would total eleven and the CH category would still be V. Defendant's reference to U.S.S.G. § 4A1.3 is irrelevant. Amendment 821 amended that section to allow a downward departure if the defendant received CH points from a sentence for possessing marijuana for personal use. Here, Defendant did not receive points for that offense, and in any event the portion of Amendment 821 providing for

Likewise, a reduction is also precluded because the sentence is already at the low end of the amended range.  *See* U.S.S.G. § 1B1.10(b)(2)(A).

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 702 and to send a copy of this Order to Da'Quan Johnson, No. 71253-054, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.

Dated:  May 4, 2026
          White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

such a departure was not made retroactive.  *See United States v. Andrews*, 705 F. Supp. 3d 142, 153 (S.D.N.Y. 2023) ("[T]he revisions to § 4A1.3 concerning downward departures, located in Part B, Subpart C of Amendment 821, have not been given retroactive effect.  U.S.S.G. § 1B1.10(d)."), *aff'd*, No. 23-8046, 2025 WL 2938044 (2d Cir. Oct. 16, 2025) (summary order). Further, that amendment "was abrogated by subsequent Amendment 836, which eliminated departures from the Sentencing Guidelines." *United States v. Cardona*, No. 22-CR-66, 2026 WL 96899, at *2 (C.D. Cal. Jan. 7, 2026).